# EXHIBIT A

February 22, 2023

Honorable Richard D. Bennett
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

Re: United States v. Adam Lane Chaudry
RDB-22-00341

Dear Judge Bennett,

I write concerning the sentencing of former Baltimore City Assistant State's Attorney Adam Lane Chaudry. I have been a member of the bar of this court since 1975, served as an Assistant Federal Public Defender in this District from 1975 through 1978, and served as a Supervisory Assistant United States Attorney in both the Eastern District of Louisiana from 1978 through 1981 and in this District from 1982 through 1985.

From January, 2015, through October, 2021, I served as the Chief Deputy State's Attorney for the City of Baltimore, responsible to the elected State's Attorney for the activities of the more than 200 Assistant State's Attorneys she employed and the more than 41,000 cases handled annually. When the State's Attorney's Office (SAO) learned of the criminal investigation of the defendant through the execution of a search warrant in his office, I was assigned to serve as the SAO liaison with the Office of the State Prosecutor during its investigation. Consequently, I have some familiarity with the evidence in this case.

While there are additional causes, much of the dysfunction in Baltimore City's criminal Justice system stems from the public's lack of trust in that system, and particularly in law enforcement. During my almost seven years as Chief Deputy, a major thrust of SAO policies and procedures was to regain the trust of the community and to serve as an honest broker between the community and the police. A hallmark of this effort was to have all Assistant State's Attorneys embody the highest ethical standards, communicate frequently and honestly with victims and witnesses, and to prosecute without fear or favor, regardless of the status or identity of putative defendants.

Given this important effort, you can imagine my disappointment and disgust upon learning of the defendant's abuse of his position. Using his immense prosecutorial powers to pursue personal matters that were neither criminal nor within the jurisdiction of the SAO, was antithetical to his oath of office, Maryland and federal law, the Maryland Code of Professional Responsibility, the justifiable expectations of his colleagues, supervisors, and employer, and basic decency and morality.

In obtaining grand jury subpoenas to pursue his personal, non-work agenda, he effectively lied to the grand jury and the judge supervising the grand jury. When sending those grand jury subpoenas to their intended recipients, and in making other requests for information, he repeatedly lied when he wrote that the demands and requests were in furtherance of criminal investigations, which they clearly were not. Lying about his true intentions, he involved

unknowing colleagues, such as by asking investigators to access data bases otherwise unavailable to him.

As his repeated illegal conduct became known, his former colleagues at the SAO became disappointed, dismayed, and dumbfounded. His conduct was completely contrary to their well-founded expectations and experience for themselves. Even those in the office who did not know or never met the defendant were tarnished by his conduct: if he, an experienced prosecutor trusted to be assigned to the Homicide Division was capable of this shocking degree of repeated misconduct, why wouldn't the public consider each of them to also be so engaged?

To me, this is the worst aspect of the defendant's egregious malefaction. By repeatedly and illegally exercising his immense prosecutorial powers for evil, and not, as required, for the public good, he allowed an already distrustful community to further question the integrity of Baltimore City's criminal justice system and all the other prosecutors who were working hard to earn the trust of the community.

Thank you for your consideration of these views.

Sincerely,

Michael Schatzow